FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN E., | No. 2:22-CV-276-JAG |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 12, 14. Attorney Chad Hatfield represents Brian E. (Plaintiff); Special Assistant United States Ryan Lu represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

## I.    JURISDICTION

Plaintiff filed an application for benefits on August 3, 2017, alleging disability since June 1, 2014.[2] The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on April 17, 2020, and issued an unfavorable decision on April 27, 2020. Tr. 12-30. This Court subsequently remanded the matter on December 17, 2021. Tr. 526-27. The ALJ held a second hearing on September 8, 2022, and issued an unfavorable decision on September 26, 2022. Tr. 448-70. Plaintiff appealed this final decision of the Commissioner on November 14, 2022. ECF No. 1. The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4.

## II.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

---

[2] Plaintiff later amended his alleged onset date to October 1, 2017. Tr. 452.

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

//

//

//

## IV.    ADMINISTRATIVE FINDINGS

On September 26, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from his amended alleged onset date of October 1, 2017, through his date last insured of December 31, 2018.  Tr. 454.

At **step two**, the ALJ determined Plaintiff had the following severe impairment: polysubstance use disorders.  Tr. 454.

At **step three**, the ALJ found this impairment did not meet or equal the requirements of a listed impairment.  Tr. 456.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform a full range of work at all exertional levels subject to the following nonexertional limitations:  he was limited to simple, routine tasks; and he required a routine, predictable work environment with no more than occasional changes.  Tr. 458.

At **step four**, the ALJ found Plaintiff could not perform past relevant work.  Tr. 464.

At **step five**, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Tr. 464.

The ALJ thus concluded Plaintiff was not disabled from the amended alleged onset date through the date last insured.  Tr. 465.

## V.    ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ improperly evaluated the medical opinion evidence; (B) whether the ALJ erred by

discounting Plaintiff's testimony; (C) whether the ALJ erred at step two; (4) whether the ALJ erred at step three; and (D) whether the ALJ erred at step five. ECF No. 12 at 5.

## VI.   DISCUSSION

### A.   Medical Evidence.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff contends the ALJ misevaluated two sets of medical opinions. ECF No. 12 at 7-13. The Court addresses each in turn.

### 1.   *Gregory J. Charboneau, Ed.D.*

Dr. Charboneau examined Plaintiff on July 19, 2018, conducting a clinical interview and administering as series of clinical tests, and assessed Plaintiff "would have some difficulties performing in a competitive work environment due to his memory scores" – noting they were "borderline to extremely low" – and "due to significant anxiety." Tr. 389. Dr. Charboneau opined Plaintiff "would have difficulty sustaining attention, concentrating and exerting mental control, evidenced by his impaired memory scores." Tr. 389.

Although the ALJ found "[m]uch" of the opinion to be "consistent with the overall record and supported by [the doctor's] own evaluation," he concluded the doctor's opinion "is too vague to be any real assistance in determining the residual functional capacity." Tr. 461; *see also* Tr. 462 (recognizing Dr. Charboneau's opinions are "not unpersuasive," but concluding "they do lack value in that they are vague and without clear relevance to the claimant's residual functional

capacity."). In light of the ALJ's finding that Dr. Charboneau's opinion was consistent, supported, and persuasive, the ALJ should have contacted the doctor to clarify any ambiguities and obtain a more fulsome medical source statement, lest potentially significant, probative, and helpful evidence be excluded from the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (internal quotation marks and citations omitted). Because the ALJ failed to do so, the Court concludes the ALJ erred in assessing Dr. Charboneau's opinion.

       2.     **_Michael Brown, Ph.D, and Christmas Covell, Ph.D._**

Plaintiff argues the ALJ erred by declining to address the doctors' assessment of other severe impairments, such as neurocognitive disorder. ECF No. 12 at 13. The Court declines to address this argument in light of the ALJ's need to reformulate step two findings and reassess Plaintiff's testimony on remand, as discussed below.

**B.**    **Plaintiff's Testimony.**

Plaintiff contends the ALJ erroneously discounted his testimony. ECF No. 12 at 18-20. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr 459. However, because the ALJ erred by discounting Dr.

ORDER GRANTING PLAINTIFF'S MOTION . . . 6

Charboneau's opinion, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

Second, the ALJ discounted Plaintiff's testimony as inconsistent with his "lack of treatment" and "gaps" in treatment. Tr. 459-60. This finding is legally erroneous. The Ninth Circuit has made clear that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

Third, the ALJ discounted Plaintiff's testimony as inconsistent with Plaintiff's activities. In support, the ALJ found Plaintiff "reported high functioning of daily living, such as caring for pets, cooking, performing household chores, driving, going out alone, shopping, managing finances, reading, fishing, and traveling internationally." Tr. 460. These minimal activities neither "meet the threshold for transferable work skills," *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a)), nor validly undermine Plaintiff's allegations, *see Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.").

Finally, the ALJ discounted Plaintiff's testimony as inconsistent with his level of work activity. The ALJ noted "[t]he record shows the claimant was able to perform significant work activity approaching near-substantial gainful levels

ORDER GRANTING PLAINTIFF'S MOTION . . . 7

through at least Summer 2018." Tr. 460. However, the ALJ's step one finding undermines, if not casts doubt on, this finding. *See* Tr. 454 ("The claimant reported he performed landscaping work from 2012 through May 2018. However, he testified at the 2020 hearing that he ceased working at this position in October 2017. Although there is further evidence he was still performing some work activity in 2018, the totality of the evidence does not establish with certainty that this work activity constituted substantial gainful activity. The claimant has testified he significantly reduced his work hours and received assistance running the business from his wife. I thus conclude the evidence is insufficient to demonstrate the claimant engaged in substantial gainful activity beyond October 1, 2017."). Notably, the Commissioner does not defend the ALJ's finding on this issue. *See* ECF No. 14 at 6-7 (defending only the ALJ's discounting of Plaintiff's testimony based on contradictions with the medical evidence and Plaintiff's activities of daily living).

The ALJ accordingly erred by discounting Plaintiff's testimony.

## VII.  CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical opinions and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to make new step two and three findings, which were based on the ALJ's assessment of both the medical evidence and Plaintiff's testimony, and determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's remaining assignments of error. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall develop the record, as needed; reconsider the opinions of Drs. Charboneau, Brown, and Covell; reassess Plaintiff's testimony; and reevaluate the remaining steps of the sequential evaluation, as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**
DATED March 29, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . 9